# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

UNITED STATES OF AMERICA,       )
                                )
v.                              )       CR 4:19-018
                                )
COREY WASHINGTON,               )
                                )
        Defendant.              )

## ORDER

Before the Court is Defendant Corey Washington's motion for early termination of supervised release. Dkt. No. 35. For the reasons below, Defendant's motion is **DENIED**.

Pursuant to a written plea agreement, Defendant pleaded guilty to Count I of the indictment, that is, distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Dkt. Nos. 24, 32. On September 30, 2019, Defendant was sentenced to ninety-six months' imprisonment, to run concurrently with any state sentence, followed by three years of supervised release. Dkt. No. 32. The Court further ordered special conditions of supervision, as well as a $100 special assessment. Id.

On or about February 15, 2024, Defendant was released from Bureau of Prisons' custody and commenced his term of supervision. Defendant has completed twenty-five months of his

thirty-six-month term of supervision. Defendant now moves the Court for early termination of his supervised release. Dkt. No. 35.

In his motion, Defendant states he has complied with all conditions of supervision. Id. at 3. He also states that all urine samples have tested negative, and he has maintained stable employment. Id. The Court also notes that Defendant has paid his special assessment in full. However, Defendant's period of supervision has not been without incident. In April 2024, Defendant was arrested by state authorities and charged with driving under the influence of alcohol, speeding, and failure to wear a seatbelt. He pled guilty to the lesser offense of reckless driving and was sentenced to twelve months' probation and fined $514. Further, in January 2025, Defendant submitted a urine sample which field-tested positive for marijuana. He denied knowingly engaging in drug use but admitted that, at a party, he had consumed punch which he later learned contained marijuana. Notably, Defendant failed to mention these violations to his probation officer.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the

2

expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

The Court commends Defendant for the positive strides he has made while under supervision.  However, in light of Defendant's arrest and positive drug test during his period of supervision, and his failure to inform U.S. Probation of those violations, the Court finds that continued supervision is in Defendant's best interest.  Defendant's motion for early termination, dkt. no. 35, is **DENIED**.

SO **ORDERED** this _23_ day of March, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA